Mr. Justice Figueras did not sit at the hearing of this case.

---

## THE PEOPLE *v.* TEXIDOR.

### APPEAL from the District Court of Humacao.

No. 29.—Decided November 3, 1903.

APPEAL—BILL OF EXCEPTIONS.—A defendant, in order to avail himself of an error committed by a trial court, must enter his objections during the trial, and cause the errors of the trial court to be set out in a bill of exceptions, which must be settled and signed by the trial court and presented to the appellate court.

ID—MANIFEST ERRORS.—Errors appearing upon the record need not be set forth in a bill of exceptions, but may be noted in the appeal, and the appellate court may of its own motion consider such errors.

ID—FAILURE TO FILE BILL OF EXCEPTIONS.—When there is no bill of exceptions filed and no errors appear in the record, the judgment of the lower court must be affirmed.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The party appellant did not appear.

MR. JUSTICE SULZBACHER delivered the opinion of the court as follows:

This is an appeal from the District Court of Humacao taken by José Texidor Ortiz, convicted of voluntary manslaughter. At the hearing in this court the *Fiscal* represented the People of Porto Rico, the appellant not being represented. It appears from the record that the accused waived a trial by

jury and was tried by the court. It also appears from the record that after the trial in the District Court, counsel for the accused filed a motion appealing to this Supreme Court, which appeal was allowed. Upon filing this motion counsel simply stated that section 209, paragraph 3 (of the Penal Code), which defines the crime of voluntary manslaughter, should have been applied to this case. This court has repeatedly decided that in order to review errors committed by the district courts, the accused must file his exceptions during the oral trial, which should be set forth in a bill of exceptions to be signed by the judge or court and presented in this Supreme Court. In no other way can this court determine whether the trial court has commited any error.

We have also decided that errors appearing upon the record need not be set forth in a bill of exceptions, but mention can be made of them in the appeal when perfected, and the court may, even on its own motion, consider such errors. In this case there is no bill of exceptions and it is not possible for this court to determine whether any error has been committed by the trial court. Nor does this Court find any error in the record. Wherefore, the judgment of the district court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac Leary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.